**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04646-NYW

FRANCISCO ALVAREZ LOZA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,

Respondent.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter if before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") filed pro se by Petitioner Francisco Alvarez Loza on September 21, 2026. [Doc. 1]. Respondent has filed a Response. [Doc. 8]. After reviewing the record and the applicable law, the Petition is **GRANTED in part and DENIED in part**.

**BACKGROUND**

Petitioner, a native and citizen of Mexico, entered the United States in May of 2014. [Doc. 1 at 5]. He has been detained by ICE since approximately July 19, 2026, and was placed in removal proceedings on July 30, 2026. [*Id.*] There is no final order of removal, and Petitioner has pending applications for asylum and for cancellation of removal and adjustment of status for certain non-permanent residents. [*Id.*] Petitioner states that he was denied a bond hearing. [*Id.*]

Petitioner argues that his continued detention without a bond hearing violates his Fifth Amendment Due Process rights and the Immigration and Nationality Act. [*Id.* at 2]. Petitioner seeks his immediate release from custody or a bond hearing at which the government bears the burden of proof by clear and convincing evidence that his continued detention is necessary. [*Id.* at 4.]

In his Response, Respondent states that he "is not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognizes that the Court may then decide to grant the Petition and award appropriate relief." [Doc. 8 at 1]. This matter is ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem,* No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort,* 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner argues that his due process rights were violated by his continued

detention without a bond hearing. The Court summarizes the statutory framework before turning to Petitioner's claim.

## I. Statutory Framework

Two statutory provisions govern detention of noncitizens prior to a final order of removal.[1] *See Jennings v. Rodriguez,* 583 U.S. 281, 287 (2018). The first, 8 U.S.C. § 1226, "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem,* No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings,* 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings,* 583 U.S. at 303; 8 U.S.C. § 1226(a)(1) – (2) (the Attorney General "may continue to detain" or "may release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Another provision, 8 U.S.C. § 1225(b), "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock,* 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings,* 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted,

---

[1] Respondent does not contest that Petitioner has pending applications for asylum and for cancellation of removal and adjustment of status for certain non-permanent residents and is not subject to a final order of removal.

the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

*Id.* The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin,* 180 F. 4th 1226, 1239 (10th Cir. 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at 1240. Absent an exception for urgent humanitarian reasons, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis,* 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings,* 583 U.S. at 297).

## II. Section 1226(a) Applies to Petitioner

Respondent does not contest Petitioner's assertion that he has been residing in the United States for over 12 years. *See* [Doc. 8]. Petitioner's detention is therefore governed by 8 U.S.C. § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1237 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). And because Petitioner has not been provided the bond hearing required by statute, his continued detention without a bond hearing violates § 1226(a). *See, e.g., Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025).

Having determined that § 1226(a) governs Petitioner's detention, the Court also concludes that his detention without a bond hearing violates his due process rights. Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under Section 1226(a)." *Lopez-Campos v. Raycraft,* 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), aff'd, 175 F.4th 713 (6th Cir. 2026). As explained above, that process is an individualized bond determination. *See, e.g., Velasquez Salazar v. Dedos,* 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem,* 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g., Garcia Cortes,* 2025 WL 2652880, at *4; *Lopez-Campos,* 797 F. Supp. 3d at 784–85.

For the reasons set forth above, the Petition is **GRANTED**.

## III. Appropriate Remedy

Petitioner asks the Court to order his immediate release. [Doc. 1 at 4]. In the alternative, he asks the Court to order Respondent to provide him a bond hearing at which the Government bears the burden of justifying his detention by clear and convincing evidence. [*Id.*]. Respondent "submit[s] that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent . . . provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [Doc. 8 at 2]. Respondent does not address Petitioner's arguments about the appropriate burden. *See* [*id.*]. The Court finds it appropriate to order a bond hearing, rather than immediate

release. Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar,* No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz,* 180 F. 4th at 1251 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See, e.g., Loa Caballero,* 2025 WL 2977650, at *9; Briales-Zuniga v. Baltazar, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026).

Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem,* No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *Martinez Escobar v. Baltazar,* No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g., Garcia Abanil v. Baltazar,* 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar,* No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to place burden on the Government in a similar case). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar,* No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D.

Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar,* 2026 WL 503313, 8 at *5 (collecting cases).

Accordingly, Respondent is **ORDERED** to provide Petitioner a bond hearing no later than **October 23, 2026.** At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence. **If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **October 30, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part;**

(2) Respondent shall provide Petitioner a bond hearing no later than **October 23, 2026.** At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

(3) On or before **October 30, 2026,** the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no

hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED: October 16, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge